# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0626V
(not to be published)

| | |
|---|---|
| MELISSA R. WAGNER, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: June 22, 2022 <br><br> Special Processing Unit (SPU); Attorney's Fees and Costs |

*Kimberly Wilson White*, Wilson Law, P.A., Raleigh, NC, for Petitioner.

*Traci Patton*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 20, 2020, Melissa R. Wagner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration caused-in-fact by the influenza vaccine she received on December 3, 2018. (Petition at 1, ¶¶ 2, 24). On February 8, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 32).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 28, 2022 (ECF No. 37), requesting a total award of $25,138.71 (representing $24,395.00 in fees and $743.71 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner she incurred no out-of-pocket expenses. (ECF No. 37-6). Respondent reacted to the motion on March 28, 2022, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 38). On March 30, 2022, Petitioner filed a reply stating, "Petitioner does not intend to file a substantive Reply to Respondent's response other than what is contained herein". (ECF No. 39).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Kimberly White at the following rates: $430 per hour for time billed from 2019 – 2021 and $450 for time billed in 2022. (ECF No. 37-3 at 1-12). Ms. White was previously awarded the rates of $375 per hour for 2018; $390 per hour for 2019; $405 per hour for 2020; and $425 per hour for 2021. *See Fields v. Sec'y of Health & Hum. Servs.,* No. 20-0679V, Slip Op. 43, (Fed. Cl. Spec. Mstr. May 12, 2022). I agree with the reasoning from this earlier decision and reduce Ms. White's rates to be consistent with *Fields*. This results in a reduction of fees to be awarded by **$629.00**.[3] For time billed in 2022, the requested rate of $450 per hour shall be awarded.

## ATTORNEY COSTS

Petitioner requests $743.71 in overall costs. (ECF No. 37-4). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find one reduction is warranted. Specifically, Petitioner is requesting $242.76 in "monthly admin" costs consisting of monthly fax, phone, and legal research costs. (Id). These costs are more appropriately considered administrative overhead It is well established that attorneys cannot bill for administrative tasks, and this extends to costs incurred by an attorney. Additionally, these entries are so vague, that it cannot be deciphered if the work performed and its necessity to the case. Therefore, the requested costs will be reduced by **$242.76**.[4]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$24,266.95** (representing $23,766.00 in fees and $500.95 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's

---

[3] This amount consists of ($430 - $375 = $55 x 1.3 hrs = $71.50) + ($430 - $405 = $25 x 18.80 hrs = $470) + ($430 - $425 = $5 x 12.50 hrs = $62.50) + ($450 - $425 = $25 x 1 hr = $25) = $629.00.

[4] This amount consists of 14 monthly charges of $8.34 and 14 monthly charges of $9.00.

counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.